UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

EMMANUEL A. ENANG,

                                Plaintiff,

      v.                                           9:24-CV-1356
                                                (GTS/MJK)

JOHN DOE #1, et al.,

                                Defendants.

_____

APPEARANCES:

EMMANUEL A. ENANG
Plaintiff, pro se
56090
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

GLENN T. SUDDABY
Senior United States District Judge

**DECISION and ORDER**

      Plaintiff Emmanuel A. Enang commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  By Decision and Order entered on December 18, 2024, this Court granted plaintiff's IFP Application, reviewed the complaint for sufficiency in accordance with  28 U.S.C. § 1915(e)(2)(B), dismissed certain claims, and found that plaintiff's Eighth Amendment excessive force claims against defendants John Doe #1, John Doe #2, and John Doe #3 survived sua sponte review

1

and required a response.  Dkt. No. 5 ("December 2024 Order").  Because plaintiff was not able to identify any of the "Doe" defendants with sufficient clarity to effect service upon them, the Court directed the Clerk to send a copy of the complaint and the December 2024 Order to the New York State Attorney General's Office and requested that the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), attempt to ascertain the full names of the "Doe" defendants.  *Id*. at 20-22.

On January 15, 2025, a representative from the New York State Attorney General's Office provided certain information to assist plaintiff with the identities of the "Doe" defendants.  *See* Dkt. No. 7 ("Status Report").  By Text Order entered on January 23, 2025, the Honorable Mitchell J. Katz directed plaintiff to review the Status Report and, within thirty (30) days, submit an amended complaint substituting named defendant(s) in place of the "Doe" defendant(s).  Dkt. No. 8 ("January 2025 Text Order").[1]  Plaintiff was further advised that "his failure to timely comply with this Order may result in the dismissal of this action pursuant to Rules 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 41.2(a)."  *Id*.

Over the ensuing months, the Court directed plaintiff several times to file an amended complaint, which he failed to do.  Instead, plaintiff repeatedly moved for additional information and records, appointment of counsel, and unrelated relief.  The Court repeatedly denied these motions and referred plaintiff to the Status Report to assist him with filing an amended complaint.  *See* Dkt. Nos. 13, 15, 17, 22.  Nonetheless, plaintiff continued with his noncompliant filings.  *See* Dkt. Nos. 23, 24, 26, 27, 28, 29, 30.

By Decision and Order entered on June 25, 2025, the Court dismissed plaintiff's

---

[1] In an effort to assist plaintiff in drafting the proposed amended complaint, the Clerk was directed to send him a copy of his Complaint.  *See* January Text Order.

complaint without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, and Northern District of New York Local Rule 41.2(a).  Dkt. No. 31 ("June 2025 Order").  That same day, judgment was entered and the Clerk was directed to close this case.  Dkt. No. 32 ("Judgment").

Plaintiff filed a notice of appeal to the Second Circuit Court of Appeals from the June 2025 Order and Judgment.  Dkt. No. 36.  By Order dated May 8, 2026, issued as a Mandate on June 1, 2026, the United States Court of Appeals for the Second Circuit vacated the Judgment and remanded this action to the District Court.  Dkt. No. 42.  The Second Circuit stated that upon remand:

> [T]he district court should afford Enang an opportunity, consistent with this order and in light of the information Enang received, including the NYAG letter, to amend his complaint to identify the specific John Doe defendants. If additional identifying information—such as photographs or other materials sufficient to permit Enang to attribute specific conduct to particular officers—is not available to him, the district court should permit him to amend his complaint by describing, to the extent possible, the actions taken by the individual officers involved without requiring that Enang definitively match each alleged act to a specific named defendant at the pleading stage. The district court should also permit him, if necessary, to attempt to establish that his claims are timely, including by demonstrating whether equitable tolling applies.

*Id*.

In light of the Second Circuit Mandate, plaintiff shall have thirty (30) days from the date of this Decision and Order to file an amended complaint utilizing the Status Report to identify the "John Doe" defendants in this case.  In the event plaintiff believes that none of the officials identified in the Status Report are the intended defendants, he must describe, to the extent possible (1) the actions taken by each individual officer, and (2) the appearance of each individual (approximate age, height, weight, noteworthy features).  Plaintiff is also

3

encouraged to include any allegations that he believes may warrant tolling of the applicable limitations period, such as allegations related to his efforts to exhaust his administrative remedies, including the timing of any such efforts.  Plaintiff is advised that his failure to timely file an amended complaint may result in the dismissal of this action pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, and Northern District of New York Local Rule 41.2(a).

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff may, within thirty (30) days of the filing date of this Decision and Order, file an amended complaint consistent with the Mandate of the Second Circuit Court of Appeals and this Decision and Order; and it is further

**ORDERED** that upon the timely filing of an amended complaint, or at the expiration of thirty days if no amended complaint is filed, whichever occurs sooner, this matter shall be returned to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff, along with a copy of the complaint (Dkt. No. 1), December 2024 Order (Dkt. No. 5), and Status Report (Dkt. No. 7) for his use in filing an amended complaint that names at least one proper official as a defendant should he still wish to proceed with the underlying claims in this case.

**IT IS SO ORDERED**.

Dated: July 10, 2026
   Syracuse, NY

Glenn T. Suddaby
U.S. District Judge

4